**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID SANTARELLI, JR. | CIVIL ACTION NO. 3:11-CV-1812 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| INTELLIGRATED PRODUCTS, LLC. et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Plaintiff's Motion to Remand to the Philadelphia Court of Common Pleas. (Doc. 18). While this action originally did not satisfy complete diversity, Plaintiff's Second Amended Complaint names only diverse parties. As such, Defendants timely removed the action from the Philadelphia Court of Common Pleas to federal court on February 9, 2011. (Doc. 1). However, as the Court determines the non-diverse party was not properly dismissed, this action will be remanded for lack of diversity jurisdiction.

## BACKGROUND

The following facts are not contested. Plaintiff Santarelli brought two products liability actions for personal injuries before the Philadelphia Court of Common Pleas in June and July of 2010. After Santarelli filed his respective Complaints, the Common Pleas Court consolidated the two actions. In response to Defendants' preliminary objections, Plaintiff was compelled to file two subsequent amended complaints. In the First Amended Complaint, Santarelli named as Defendants the Intelligrated Products Defendants, the Roach Defendants, the Buckhorn Defendants, Aftersort, Inc., Accu-Sort Systems, Inc., and

Ambaflex, Inc. (Pl.'s Ex. 2, Doc. 18-1 at 19). The action set out by the First Amended Complaint did not satisfy diversity at least in part due to Accu-Sort's corporate citizenship in Pennsylvania,[1] the same citizenship as Plaintiff Santarelli.

However, Santarelli's Second Amended Complaint does not name Accu-Sort Systems, Inc. or Ambaflex, Inc. Since the parties listed on the face of the Second Amended Complaint satisfy complete diversity, the Buckhorn Defendants filed a Notice of Removal to from the Philadelphia Court of Common Pleas to federal court on February 9, 2011. (Doc. 1). Removal was based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.

Plaintiff now moves to remand this action to the Philadelphia Court of Common Pleas. (Doc. 18). Santarelli's chief argument in favor of remand is that diversity jurisdiction is improper as Accu-Sort was not properly dismissed from this matter at the time of removal. Namely, while Santarelli admits that he omitted Accu-Sort from the Second Amended Complaint, he believes that Accu-Sort remained a Defendant as it was never removed from the state court docket. While Santarelli also argues that removal was untimely, not unanimous, and piecemeal, the Court finds that removal was improper solely for lack of diversity at the time of removal.

## **DISCUSSION**

Defendants allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand

---

[1] Accu-Sort Systems, Inc. has a principal place of business in Telford, Pennsylvania. (Pl.'s Ex. 2 at ¶ 8; Pl.'s Mot. at ¶ 3, Doc. 18).

2

dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). If a matter is completely diverse, it "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (citation omitted).

The crux of the instant issue is whether Accu-Sort–a non diverse party–remained a Defendant in this action at the time of removal. The Court concludes that it was. "A party whose presence in the action would destroy diversity must be dropped formally, as a matter

3

of record, to permit removal to federal court." 14B Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3723, at 716 (4th ed. 2009). While the general rule is that diversity jurisdiction must exist as of the filing of the original action and the time of removal, this requirement does not apply to actions where a plaintiff has voluntarily dismissed a non-diverse defendant. *Id.* at 696-701; *First Star Sav. Bank v. American Title Ins. Co.*, Civ. Act. No. 94-3716, 1994 WL 475273 at *2 (E.D. Pa. Aug. 29, 1994). Instead, such cases can be removed upon the proper dismissal of the non-diverse defendant, even though the case was not entirely diverse at the outset. *Id.* In evaluating as such, "[t]he record of the state court is considered the sole source from which to ascertain whether a case originally not removable has become removable." *Hutton v. Temple University*, 703 F. Supp. 391, 392 (E.D. Pa. 1989).

Plaintiff argues, without authority, that Accu-Sort's proper dismissal from this matter is a function of the Pennsylvania Rules of Civil Procedure. (Pl.'s Reply Br. at 3, Doc. 23). This, however, is correct. While it is true that Plaintiff's Second Amended Complaint does not specifically reference Accu-Sort, this mere omission is not sufficient under Pennsylvania law to remove a party from an action. Instead, Pennsylvania Rule of Civil Procedure Rule 229 provides in pertinent part that "[a] discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." *See e.g. White v. Behlke*, No. 03 CV 2663, 2004 Pa. Dist. & Cnty. Dec. LEXIS 134 (Pa. Ct. Com. Pl. 2004) (finding that an amended complaint omitting a party did not work to dismiss a party in light of the requirements of Rule 229).

In *Hutton v. Temple University*, an action was not disposed to removal from the

4

Philadelphia Court of Common Pleas as defendant Temple University was "a citizen of the State in which such action is brought." 703 F. Supp. 391, 392 (E.D. Pa. 1989) (quoting 28 U.S.C. § 1441(b)(2)). Although the plaintiffs entered into a joint tortfeasor release with Temple, this was not sufficient to remove the non-diverse party and render the case removable. *Id.* Instead, that court looked to the state court record to resolve whether the action was truly removable. *Id.* And, finding no discontinuance of record pursuant to Rule 229, it determined that Temple had not been terminated as a matter of Pennsylvania law and that the matter should be remanded. *Id.*; *see also First Start Sav. Bank*, 1994 WL 475273 at *3 (remanding a case where stipulation to dismiss the non-diverse party was deemed acceptable by the parties, but where the defendants failed to prove that a proper discontinuance had been filed as required by Rule 229). Thus, to the extent the Buckhorn Defendants aver that *Adams v. Lederle Laboratories*, 569 F. Supp. 234 (W.D. Mo. 1983), presented "a nearly identical scenario," they are correct. (Def. Buckhorn's Br. at 12, Doc. 22). That case also analyzed whether an amended complaint could independently dismiss parties as a matter of state law. *Id.* at 239. Yet, Missouri law "has long held that by filing an amended petition which is complete in itself . . . a plaintiff abandons his former petition and all matters not restated in the amended petition." *Id.* This is not the case in Pennsylvania.

Therefore, in the matter *sub judice*, the Court must determine that, as a matter of Pennsylvania law, the non-diverse Defendant was not properly omitted from the case. The mere omission of the non-diverse party from the face of the Second Amended Complaint was not sufficient to make this action removable under Pennsylvania law, and there is no evidence in the record that any discontinuance was filed. As the Defendants have failed

5

to meet their burden in proving that diversity jurisdiction is appropriate in this matter, the Court will remand the action to the Court of Common Pleas.

## **CONCLUSION**

For the reasons above, the court determines that the existence of diversity jurisdiction has not been established by the Defendants.  Therefore, the matter will be remanded to the Philadelphia Court of Common Pleas.


| January 31, 2012 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
|  | United States District Judge |